# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

TODD W. CHARLES,

       Petitioner,

v.

       Case No. 10-C-0147

JUDY SMITH, Warden,
Oshkosh Correctional Institution,

       Respondent.

## DECISION AND ORDER ON HABEAS CORPUS PETITION

### I. PROCEDURAL BACKGROUND

On February 23, 2010, the petitioner, Todd W. Charles ("Charles"), filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. According to his petition (together with the attachments thereto) and the respondent's answer, on May 31, 2006, Charles pled no contest in the Brown County Circuit Court to one count of first-degree reckless homicide, in violation of Wis. Stat. § 940.02(1). On August 4, 2006, Charles was sentenced to thirty-two years imprisonment, comprised of sixteen years of initial confinement and sixteen years of extended supervision.

Charles filed a postconviction motion in the circuit court seeking a new sentencing hearing or a sentence reduction on the grounds that he was sentenced based on inaccurate information found in the Presentence Investigation Report ("PSI") and that the report's author was biased. The circuit court denied Charles's motion without a hearing, and he appealed to the Wisconsin Court of Appeals. On appeal, Charles argued that the circuit court erred by denying his motion without a hearing because his motion sufficiently alleged claims that he was sentenced on inaccurate information and that the PSI author was biased. The court of appeals rejected these arguments and affirmed the circuit

court in a decision issued on October 7, 2008. Specifically, the court of appeals held that Charles had waived his claims of error by not objecting at the sentencing hearing. It also concluded that Charles was not entitled to relief on the merits of his claims. On December 15, 2008, the Wisconsin Supreme Court denied Charles's petition for review.

As stated previously, Charles filed his federal habeas corpus petition on February 23, 2010. Shortly thereafter, on February 28, 2010, Charles filed a motion to stay his federal habeas proceedings so that he might file in the state court a state habeas corpus petition, in accordance with *State v. Knight*, 168 Wis. 2d 509, 484 N.W. 2d 540 (1992), challenging the effectiveness of his state appellate counsel. On March 29, 2010, this court granted the stay.

Thereafter, on April 14, 2010, Charles filed a postconviction motion in the Brown County Circuit Court pursuant to Wis. Stat. § 974.06. In that motion, Charles alleged that his trial counsel had been ineffective for failing to object to the false information in the PSI, and that his postconviction and appellate counsel had been ineffective for not challenging trial counsel's effectiveness. The circuit court denied his motion and Charles appealed. On July 19, 2011, the court of appeals issued a decision affirming the circuit court's decision. Charles did not file a petition for review with the Wisconsin Supreme Court.

On October 13, 2011, counsel for Charles filed a letter with this court seeking to have the court lift the previously-imposed stay. On October 18, 2011, the court issued an order lifting the stay and setting forth a schedule to govern the further processing of Charles's federal habeas corpus petition. In accordance with that scheduling order, on December 16, 2011, the respondent filed her response to the petition; on January 18, 2012, Charles filed his brief in support of his petition; on February 29, 2012, the respondent filed her opposition brief; and, on March 21, 2012, counsel for Charles filed a letter indicating that no reply would be filed. Thus, the issues raised in connection

with Charles's petition are fully briefed and are ready for resolution. For the reasons that follow, Charles's petition will be denied.

## II. FACTUAL SUMMARY

The "facts" giving rise to Charles's conviction and his various claims in this habeas proceeding are found in the October 7, 2008 decision of the Wisconsin Court of Appeals.

> During a fight with his best friend, Scott Lemerond, Charles reached in a drawer, pulled out a barbeque fork and stabbed Lemerond in the heart. Charles pled no contest to first-degree reckless homicide. The criminal complaint served as the factual basis for the plea. At sentencing, the court considered the PSI which recited various witnesses' accounts of the incident, Charles' version, and discussed a book or journal Charles wrote that depicts violence and sexual degradation. The PSI also recites Charles' acquaintances' description of his employment record, substance abuse, hygiene problems and his obsessive collection of skulls and bones. The PSI says Charles maintained a relationship with sexual killer Richard Ramierz, whom he was introduced to by another "serial killer groupie." The PSI also noted Charles had been diagnosed with a variety of autism. Much of the report mirrors a report submitted by the defense, authored by Dr. Robert Gordon. The court also considered a written memorandum from defense counsel that discussed Charles notebook/journal. The PSI reflects the strong emotions, fear and disgust expressed by Lemerond's friends and family.

(Ct. App. Dec. ¶ 2, ECF No. 15-5.)

Despite the court of appeals' opinion that Charles had waived his claims of being sentenced on inaccurate information and of bias of the PSI author by not objecting to such matters at the sentencing hearing, it nevertheless went on the consider, and reject, the merits of such claims. Indeed, in its decision of July 19, 2011, in which the court of appeals summarily affirmed the circuit court's denial of Charles's postconviction motion, the court clearly noted what it had previously done.

> In a previous appeal . . . , Charles appealed the sentence imposed for first-degree reckless homicide. In that appeal, Charles identified eleven allegedly erroneous facts that the sentencing court relied upon. This court held that some of the issues were not properly preserved. Nonetheless, we considered each of the allegations and rejected them on the merits.

> Charles' present postconviction motion raises some of the same issues rejected in his previous appeal. Focusing on the failure to preserve the issues for his initial appeal, Charles argues that his trial and postconviction attorneys were ineffective. However, his arguments fail to acknowledge this court's consideration of the merits of each of these claims. After this court has rejected an argument on the merits, the issue cannot be raised in a subsequent postconviction motion regardless of how artfully it is rephrased.

(Ct. App. Dec., ECF No. 15-11) (citation omitted).

### III. FEDERAL HABEAS CORPUS STANDARDS

Federal courts may issue a writ of habeas corpus if a petitioner demonstrates that he is "in [state] custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Moffat v. Gilmore*, 113 F.3d 698, 702 (7th Cir.1997); *see also Del Vecchio v. Illinois Dept. of Corrections*, 31 F.3d 1363, 1370 (7th Cir.1994) (en banc) ("[F]ederal courts can grant habeas relief only when there is a violation of federal statutory or constitutional law.").

The federal courts may not grant habeas relief under Section 2254 unless the state court's judgment "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). "A rule is 'clearly established' only if it is compelled by existing Supreme Court precedent." *Henry v. Page*, 223 F.3d 477, 480 (7th Cir. 2000). A state court decision results in an "unreasonable application" of clearly established federal law when that court either (1) "identifies the correct governing legal rule from [Supreme Court precedent] but unreasonably applies it to the facts of the particular state prisoner's case," or (2) "unreasonably extends a legal principle from our precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply. *Williams v. Taylor*, 529 U.S. 362, 407 (2000) (O'Connor, J., concurring); *see also Harris v.*

*Cotton*, 365 F.3d 552, 555 (7th Cir. 2004). Issues of fact found by a state court are presumed to be correct unless the petitioner rebuts this presumption with clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Williams v. Parke*, 133 F.3d 971, 973 (7th Cir. 1997).

Before a federal court may review the merits of a habeas petition, a petitioner must: (1) exhaust all remedies available in state courts; and (2) fairly present any federal claims in state court first, or risk procedural default. *Chambers v. McCaughtry*, 264 F.3d 732, 737 (7th Cir. 2001) ("Failure to exhaust available state court remedies constitutes a procedural default."); *see also Bocian v. Godinez*, 101 F.3d 465, 468 (7th Cir. 1996) (same). "The habeas petitioner must present his federal constitutional claims initially to the state courts in order to give the state 'the opportunity to pass upon and correct alleged violations of its prisoners' federal rights.'" *McGowan v. Miller*, 109 F.3d 1168, 1172 (7th Cir.1997) (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)). This means that "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). The petitioner must have fairly presented his claim to all levels of the state judiciary. *Lockheart v. Hulick*, 443 F.3d 927, 929 (7th Cir. 2006). This includes presenting a petition for discretionary review to the highest state court, if that option is available to a petitioner. *See Guest v. McCann*, 474 F.3d 926, 930 (7th Cir. 2007).

A petitioner has exhausted his state court remedies "by either (a) providing the highest court in the state a fair opportunity to consider the constitutional issue, or (b) having no further available means for pursuing a review of one's conviction in state court." *Wallace v. Duckworth*, 778 F.2d 1215, 1219 (7th Cir.1985).

The procedural default hurdle forbids the federal courts from addressing claims that were not fairly presented to the state court. *Jones v. Washington*, 15 F.3d 671, 675 (7th Cir.1994). Procedural

default occurs either when a state court has declined to address a federal claim because the petitioner failed to satisfy an independent state procedural requirement, *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991), *abrogated on other grounds by Martinez v. Ryan*, __ U.S. __, 132 S. Ct. 1309, 1315 (Mar. 20, 2012), or when the petitioner fails to present a claim to the state courts at the time, and in the way, required by the state. *Hogan v. McBride*, 74 F.3d 144, 146 (7th Cir.1996). "If a habeas petitioner has not exhausted a claim, and complete exhaustion is no longer available, the claim is procedurally defaulted." *Guest,* 474 F.3d at 930.

Under the doctrine of procedural default, a federal habeas court will not review defaulted claims unless the petitioner demonstrates either (1) cause for the procedural default and actual prejudice resulting from the alleged violation of federal law, or (2) that failure to consider the claims would result in a "fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750. The petitioner bears the burden of establishing that his procedural default is excused by one of these two exceptions. *See McCleskey v. Zant*, 499 U.S. 467, 494-95 (1991).

To satisfy the cause and prejudice standard, a petitioner must "show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). The petitioner must also show that the errors of which he complains "worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Id.* at 494 (Stevens, J., concurring) (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)). To demonstrate that a fundamental miscarriage of justice would result from a refusal to consider the defaulted claims, the petitioner is required to show that he is "actually innocent." *See Bousley v. United States*, 523 U.S. 614, 623 (1998). With the foregoing in mind, the court turns to the petitioner's claims.

## IV. DISCUSSION

In his federal habeas petition, Charles presents two claims: (1) that trial counsel was ineffective for failing to object to any inaccurate information in the PSI at the time of sentencing, despite being advised by Charles of such inaccuracies and (2) that postconviction counsel was ineffective for not raising the ineffectiveness of trial counsel, as set forth in claim number one.

Despite the fact that he only raised the above two claims in his petition, in his brief in support of his habeas petition Charles raises another claim, i.e., that his sentence violated the Constitution because he was punished for exercising his First Amendment rights.

Rule 2(c) of the Rule Governing Section 2254 Cases in the United States District Courts provides:

> (c) **Form**.  The petition must:
>
> > (1) specify all the grounds for relief available to the petitioner;
> > (2) state the facts supporting each ground;
> > (3) state the relief requested;
> > (4) be printed, typewritten, or legibly handwritten; and
> > (5) be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

Furthermore, the form petition used by the petitioner expressly states:

> For this petition, state every ground supporting your claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the facts supporting each ground.
>
> <u>CAUTION: To proceed in the federal court, you must ordinarily exhaust (use up) your available state-court remedies on each ground on which you request action by the federal court.  Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.</u>

(Habeas Pet. 6, ECF No. 1.)

The merits of Charles's First Amendment claim need not be addressed by this court.  This is because no such claim was set forth in his habeas corpus petition.

Even assuming that the merits of such claim were addressed by this court, it would nevertheless be rejected as a basis for federal habeas relief. In its decision on Charles's direct appeal, the court of appeals found that "nothing in the record supports Charles' arguments that his sentence punished him for his writings in violation of his First Amendment rights . . . . The [trial] court emphasized the limited relevance of Charles' writings and made clear it was only sentencing Charles for first-degree reckless homicide." (Ct. App. Dec. Oct. 7, 2008, at ¶ 18, ECF No. 15-5.) Charles has not argued that the court of appeals' finding was incorrect. Nor, upon this court's independent review of the sentencing hearing of August 4, 2006, can this court state that the court of appeals' finding was inaccurate. Simply stated, Charles has not demonstrated that such finding constitutes "a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Thus, to the extent that Charles's petition is predicated on the proposition that his sentence violated his First Amendment rights, his petition will be denied.

This then gets me to the two claims that are presented in his petition. The respondent argues that Charles procedurally defaulted both of his ineffective assistance of counsel claims. This is because he presented neither of them to the Wisconsin Supreme Court by way of a petition to review after they were rejected by the court of appeals in its decision of July 19, 2011. The respondent is correct; Charles did not file a petition for review with the Wisconsin Supreme Court after the court of appeals issued its decision. Thus, unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged violation of federal law, or that failure to consider the claims would result in a fundamental miscarriage of justice, his habeas petition must be denied.

In his brief, Charles argues that he is not procedurally barred from bringing his habeas petition.

8

> In this particular case, the Court of Appeals did not make clear that it relied on state grounds in deciding the issues, and that these grounds are independent and adequate. Regarding the question of habeas corpus, the Court of Appeals cited only one Wisconsin state case, State v. Witkowski, 163 Wis. 2d 985, 473 N.W.2d 512 (Ct. App. 1991). The Court of Appeals cited Witkowski to address the general canvas of presenting the same issues on appeal more than once, not on the specific Habeas Corpus issue. As a matter of fact, the Court of Appeals' Decision does not even mention the phrase "habeas corpus."
>
> The Decision of Court of Appeals is very short, only a page-and-a-half; it scratches the surface of only one issue regarding the Defendant's presentencing investigation, and refers to all other issues as "the same issues." (Ex. D[.]) The Court of Appeals neither restated the Petitioner's arguments nor addressed the merits of his claim. Furthermore, the Court of Appeals did not expressly hold that the Petitioner did not establish sufficient reasons for granting of his petition.
>
> Therefore, there are no independent and adequate state grounds the Court of Appeals relied on to reach its decision. It follows that a federal court can hear habeas corpus petition on federal grounds.

(Pet'r's Br. 4-5.)

In the above-quoted section of his brief, the petitioner has not really addressed the heart of the procedural default issue. To be sure, the court of appeals' decision is "very short." And even assuming that court may not have "addressed the merits of [Charles's] claim," the fact remains that Charles did not file a petition for review with the Wisconsin Supreme Court. By failing to give the highest state court an opportunity to review the decision of the court of appeals, Charles has procedurally defaulted those claims that were presented to, and rejected by, the court of appeals. As stated previously, before a federal court may review the merits of a habeas petition, a petitioner must: (1) exhaust all remedies available in state courts; and (2) fairly present any federal claims in state court first, or risk procedural default. *Chambers*, 264 F.3d at 737. This means that "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *Boerckel*, 526 U.S. at 845.

9

Simply stated, by failing to seek review by the Wisconsin Supreme Court of the court of appeals' July 19, 2011 order, Charles failed to give the state courts one full opportunity to resolve his claims by invoking one complete round of the State's established appellate review process, as required by *Boerckel*. And because he has not demonstrated (or even attempted to demonstrate) cause for such procedural default and actual prejudice resulting from any alleged violation of federal law, or that failure to consider his claims would result in a fundamental miscarriage of justice, it necessarily follows that his federal habeas corpus petition must be denied. And so it shall be.

There is one final matter to address. Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides, in pertinent part, as follows:

> a) Certificate of Appealability. The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue. If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2). If the court denies a certificate, the parties may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22.

Under 28 U.S.C. § 2253(c), a district court may issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When, as here, the habeas petition is denied on procedural grounds without addressing the prisoner's underlying constitutional claim, a certificate of appealability is issued only if the prisoner shows both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *See Jimenez v. Quarterman,* 555 U.S. 113, 118 n.3 (2009) (quoting *Slack v. McDaniel,* 529 U.S. 473, 484 (2000)). As the Seventh Circuit similarly held, "[i]f success on a non-constitutional issue is essential . . . , and there is no substantial argument that the district judge erred in resolving the non-constitutional question, then no certificate of

appealability should issue even if the constitutional question standing alone would have justified an appeal." *Davis v. Borgen*, 349 F.3d 1027, 1029 (7th Cir. 2003).

In my opinion, and for the reasons set forth in this decision denying Charles's habeas petition, none of Charles's claims warrant a certificate of appealability. Put simply, the procedural default of Charles's claims is a straightforward issue, and this court does not believe that a reasonable jurist would find it debatable whether this court erred in resolving this non-constitutional question. Because this finding alone is sufficient grounds to deny a certificate of appealability, I need not determine whether the petition states a valid constitutional question that jurists of reason would find debatable. Consequently, the court will deny Charles a certificate of appealability.

Of course, Charles retains the right to seek a certificate of appealability from the Court of Appeals pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure.

**NOW THEREFORE IT IS ORDERED** that Charles's petition for a writ of habeas corpus be and hereby is **DENIED**;

**IT IS FURTHER ORDERED** that a certificate of appealability be and hereby is **DENIED**;

**IT IS FURTHER ORDERED** that this action be and hereby is **DISMISSED**;

**IT IS FURTHER ORDERED** that the clerk of court enter judgment accordingly.

**SO ORDERED** this 4th day of May 2012 at Milwaukee, Wisconsin.

                        **BY THE COURT**:

                        s/ William E. Callahan, Jr.
                        WILLIAM E. CALLAHAN, JR.
                        United States Magistrate Judge